UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| T. V. P. a minor, by his mother, HENRI V. TUNSTALL, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 1:12-cv-01294-SEB-TAB |
| CAROLYN W. COLVIN, ) ) | |
| Defendant. ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff T.V.P., a minor, supplemental social security disability income. At issue in this appeal is whether the Administrative Law Judge ("ALJ") erred in determining that Plaintiff's asthma did not meet, medically equal or functionally equal any of the listings contained in 20 C.F.R. Pt. 404, Subpt. P, App. 1. This case was referred to Magistrate Judge Baker for consideration. On July 9, 2013, Magistrate Judge Baker issued a report and recommendation that the Commissioner's decision be reversed and that the case be remanded for further consideration because the ALJ failed to consider material and contrary evidence at step three in the sequential evaluation process. This cause is now before the Court on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation.

1

**Background**

At issue in this appeal is whether the ALJ erred at step three when concluding that Plaintiff did not medically meet or equal the relevant listing for asthma, Listing 103.03(C)(2). To qualify for benefits under Listing 103.03(C)(2), Plaintiff must show "[p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators," and (2) "[s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12–month period." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(C).

The Commissioner objects to the Magistrate Judge's report recommending that the ALJ's decision denying Plaintiff benefits be reversed and remanded, arguing that the ALJ's opinion should be upheld because: (1) Plaintiff did not satisfy her burden of proof for the "persistent low-grade wheezing" required by Listing 103.03(C)(2); (2) the steroids taken by Plaintiff do not satisfy the second prong of the Listing and thus any error in the ALJ's assessment of the first prong of the Listing is harmless; and (3) the ALJ considered all relevant evidence in finding that Plaintiff's asthma was not functionally equivalent to Listing 103.03(C)(2).

**Legal Analysis**

"We will uphold the ALJ's decision if it is supported by substantial evidence, but will remand the case if the decision contains legal error. <u>Dixon</u>, 270 F.3d at 1176. Evidence is substantial when it is sufficient for a reasonable person to conclude that the evidence supports the decision. <u>Clifford v. Apfel</u>, 227 F.3d 863, 869 (7th Cir.2000). In

reviewing the ALJ's decision, we will not reweigh the evidence or substitute our own judgment for that of the Commissioner. Id." Sims v. Barnhart, 309 F.3d 424, 428 (7th Cir. 2002)

"[T]he ALJ need not mention every strand of evidence in her decision but only enough to build an 'accurate and logical bridge' from evidence to conclusion." Simila v. Astrue, 573 F.3d 503, 517 (7th Cir. 2009) (citing Craft v. Astrue, 539 F.3d 668, 673 (7th Cir. 2008)). "[W]e cannot uphold an administrative decision that fails to mention highly pertinent evidence." Parker v. Astrue, 597 F.3d 920, 921 (7th Cir. 2010) (citing Myles v. Astrue, 582 F.3d 672, 678 (7th Cir.2009) (per curiam)).

    I.    Evidence of Wheezing and Functional Equivalence

First, the Commissioner disputes the Magistrate Judge's finding that the ALJ failed to consider all relevant evidence for Listing 103.03(C)(2). The ALJ determined that: "The treatment notes do not reveal that the claimant has persistent wheezing or that he had persistent asthma exacerbations. A noted [sic] dated October 9, 2008 indicated that the claimant only had problems when he was exercising (exhibit 2F)." Dkt. 12-2 at 6 (referring to Dkt. 12-7 at 81-82). However, as the Magistrate Judge noted, the ALJ failed to take into account other instances of alleged wheezing. See Dkt. 12-7 at 8; Dkt. 12-7 at 81-82; Dkt. 12-8 at 63. The parties dispute the meaning of "persistent" wheezing under the listing and the persuasiveness of the evidence, but the ALJ did not even acknowledge the differing reports. So while the ALJ did support his finding with evidence, his analysis ignored pieces of evidence most crucial to Plaintiff's case—an error of omission. This Court should not reweigh the evidence. It may be that the evidence proffered is

3

insufficient—but to ignore the evidence entirely is not a logical path to the conclusion. See, e.g., Parker v. Astrue, 597 F.3d 920, 923-24 (7th Cir. 2010) (holding ALJ must justify ignoring proffered evidence).

As the Magistrate Judge determined, this failure to address key pieces of wheezing evidence also casts doubt on the ALJ's evaluation of the "whole child" for purposes of determining functional equivalence to Listing 103.03(C)(2). The Commissioner's objections to the Magistrate Judge's finding on this issue are identical to those rejected by the Court above and thus we need not address them further.

## II. Corticosteroid Usage

As noted above, the second prong of Listing 103.03(C) requires "[s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(C)(2). The ALJ determined that Plaintiff met this prong of the Listing, as he had been taking a steroid for his asthma since September 2009 and the parties did not dispute this conclusion. Dkt. 12-2 at 16. In his Report, the Magistrate Judge concluded that, because the parties did not dispute the ALJ's finding on the second prong of the Listing, the ALJ's error under the first prong was not harmless and thus recommended that the decision be reversed. The Magistrate Judge went on to recommend that one issue the parties failed to raise on appeal be addressed on remand, to wit, whether Plaintiff's asthma medications are in fact the type of corticosteroid contemplated by Listing 103.03(C)(2).

The Commissioner objects to the Magistrate Judge's recommendation, arguing that remand on this issue is not necessary because courts in this district have already held

4

that the type of corticosteroids taken by Plaintiff is not the type of corticosteroids contemplated under the Listing.  See, e.g., S.N.B. ex rel. Jordan v. Astrue, No. 1:11-cv-1519-TAB-RLY, 2013 WL 936552, at *3 (S.D. Ind. Mar. 11, 2013).  Thus, the Commissioner argues that remand on this issue would not serve any useful purpose because there is no reason to believe that remand might lead to a different decision.  However, as recognized by the Magistrate Judge, this issue was not raised by the parties and therefore was not before the Court to be decided.  In these circumstances Magistrate Judge Baker correctly instructed the parties to deal with the corticosteroid question on remand.

## Conclusion

For these reasons, the Commissioner's objections to the Magistrate Judge's Report are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report.

IT IS SO ORDERED.

Date: 08/28/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov